The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

Dated: August 28 2015

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-34514 |
| | ) | |
| Tiffany L. Wyse, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION AND ORDER GRANTING
### MOTION TO AMEND DEBTOR'S VOLUNTARY PETITION PURSUANT

This case is before the court on the Motion to Amend Debtor's Voluntary Petition Pursuant to Fed. R. Bankr. P. 1009(a) ("Motion to Amend") filed by Creditor American Insurance & Monetary, LLC ("Creditor"). [Doc. # 27]. The court held a hearing on the Motion to Amend that Creditor's attorney attended in person and Debtor's attorney attended by telephone. At the hearing, the court granted Debtor leave to file a memorandum of law regarding issues raised at the hearing and Creditor leave to file a reply. Debtor filed her Response and Memorandum of Law on July 17, 2015, [Doc. # 39], to which Creditor filed its reply, [Doc. # 48]. Having considered the arguments of counsel and the parties' memoranda in support of their respective positions, for the reasons that follow, Creditor's Motion to Amend will be granted.

### BACKGROUND

On November 6, 2013, Debtor commenced a personal injury tort action in the Common Pleas Court

of Lucas County, Ohio, ("State Court Action"), seeking damages in "an amount exceeding $25,000.00."[1] [Case No. CI0201305173, Complaint]. On April 15, 2014, Creditor filed a Motion to Intervene in the State Court Action in order to file a Complaint on Creditor's Bill against Debtor's equitable interest in her personal injury claims. [Creditor Ex. A]. Creditor had earlier obtained a judgment against Debtor in the Toledo Municipal Court in the amount of $1,469.08 plus attorney fees of $1,200.00 with interest at 3% per annum plus court costs. [*Id.*, attached Ex. B]. The State Court entered an order granting Creditor's Motion to Intervene and deeming the Complaint on Creditor's Bill filed on April 15, 2014. [Creditor's Ex. B].

In addition to allegations regarding its judgment against Debtor, Creditor alleged in the Complaint on Creditor's Bill that pursuant to Debtor's "Poverty Affidavit" filed in the State Court Action, Debtor did not have sufficient personal or real property to satisfy Creditor's judgment. [Creditor's Ex. A, attached Ex. A, ¶ 4]. After Creditor filed a motion for default judgment on its Complaint, [Creditor's Ex. C], Debtor filed a motion for leave to file her answer instanter, [Creditor's Ex. D]. In her answer attached to that motion, Debtor admitted Creditor's allegation that she did not have sufficient personal or real property to satisfy Creditor's judgment. [*Id.*, attached Ex. 1, ¶ 4]. The State Court has not ruled on either Creditor's motion for default judgment or Debtor's motion for leave to file an answer. The motions were scheduled for hearing on January 23, 2015, [Debtor's Ex. 2, p. 29]; however, Debtor filed her Chapter 7 bankruptcy petition on December 19, 2014, and the State Court Action was stayed.

In her originally filed bankruptcy schedules, Debtor disclosed her personal injury claim that is the subject of the State Court Action, [Doc. # 1, p. 9/54], and claimed her interest in that claim as exempt under Ohio Revised Code § 2329.66(A)(12)(C) in the amount of $23,000, [*Id.* at p. 11/54]. Creditor was included on Schedule F as holding an unsecured nonpriority claim in the amount of $3,500, [*Id.* at p. 17/54], and was given notice that, among other things, the deadline to object to exemptions was thirty days after the conclusion of the meeting of creditors. [*See* Doc. # 4]. The meeting of creditors was concluded on February 10, 2015, and the time for filing an objection to the claim of exemption expired on March 12, 2015. No objections were filed. Debtor has since amended her Schedule C to apply her $1,225 wildcard exemption under Ohio Revised Code § 2329.66(A)(18) to her interest in the personal injury claim. [Doc. # 40].

## LAW AND ANALYSIS

In its Motion to Amend and pursuant to Federal Rule of Bankruptcy Procedure 1009(a), Creditor seeks an order requiring amendment of Debtor's bankruptcy schedules in order to correctly show Creditor's

---

[1] As agreed to by the parties at the hearing on the Motion to Amend, the court takes judicial notice of the contents of the state court docket in the Debtor's personal injury case. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736 (6th Cir.1980) ("Federal courts may take judicial notice of proceedings in other courts of record").

status as a holder of a secured claim against Debtor. Rule 1009(a) provides in relevant part that "[o]n motion of a party in interest, after notice and hearing, the court may order any voluntary petition, list, schedule or statement to be amended and the clerk shall give notice of the amendment to entities designated by the court." As Creditor is a party in interest, the court must determine whether it holds a secured claim such that it is entitled to the requested relief, that is, amendment of Debtor's bankruptcy schedules.

Property rights, including the existence of liens, are generally determined by reference to applicable state law, *In re Wiener*, 276 B.R. 810, 812 (Bankr. N.D. Ohio 2001) (citing *Butner v. United States*, 440 U.S. 48, 54 (1979)), which in this case is Ohio law. Under Ohio law, "a creditor's bill is an action in equity by which a judgment creditor seeks to subject an interest of the judgment debtor that cannot be reached on execution to the payment of the creditor's existing judgment." *In re Estate of Mason*, 109 Ohio St. 3d. 532, 537 (2006). A creditor's bill is provided for in Ohio Revised Code § 2333.01:

> When a judgment debtor does not have sufficient personal or real property subject to levy on execution to satisfy the judgment, any equitable interest which he has in real estate as mortgagor, mortgagee, or otherwise, or any interest he has in a banking, turnpike, bridge, or other joint-stock company, or in a money contract, claim, or chose in action, due or to become due to him, or in a judgment or order, or money, goods, or effects which he has in the possession of any person or body politic or corporate, shall be subject to the payment of the judgment by action.

Pursuant to the provisions of this statute, "where a judgment debtor . . . has insufficient property subject to levy on execution to satisfy the judgment, then any equitable interest he possesses in any of the enumerated items in the statute shall be subject to payment of the judgment." *Fed. Deposit Ins. Corp. v. Willoughby*, 19 Ohio App. 3d 51, 55 (1984).

The enumerated items in § 2333.01 include a chose in action, which would include Debtor's personal injury claim asserted in the State Court Action. *See Pilkington N. Am., Inc. v. Travelers Cas. & Sur. Co.*, 112 Ohio St. 3d 482, 485 (2006) (explaining that "a 'chose in action' is a proprietary right in personam, such as . . . a claim for damages in tort"). And, as noted in *Wiener*, "Ohio law has repeatedly held that when a complaint for creditor's bill is brought, a lien is automatically created, at the very latest, when service of the complaint is perfected." *In re Wiener*, 276 B.R. at 814 (citing cases); *Fed. Deposit Ins. Corp. v. Willoughby*, 19 Ohio App. 3d 51, 55 (8th Dist., 1984) ("A judgment creditor acquires a lien on a debtor's equitable assets when a creditor's suit is commenced."); *Catawba West, Inc. v. Domo*, 75 Ohio App. 3d 80, 87 (6th Dist., 1991) (stating lien created on filing creditor's bill); *Rushworth v. Rosie*, No. 98-G-2186, 1999 WL 1073793, *3, 1999 Ohio App. LEXIS 4940, *9 (11th Dist. Oct. 22, 1999) (holding lien is obtained once service of the complaint is accomplished); *Morgan Bank, N.A. v. Security-Connecticut Life Ins. Co.*, No.

20594, 2001 WL 1545657, *2, 2001 Ohio App. LEXIS 5358, *7 (9th Dist. Dec. 5, 2001) (holding lien acquired on commencement of a creditor's suit, which it explains occurs on the filing of a complaint under the Rules of Civil Procedure). As Debtor requested leave to file an answer to Creditor's Complaint on Creditor's Bill, there appears to be no dispute that service of the Complaint was completed.

At the hearing on the Motion to Amend, Debtor argued that the Complaint on Creditor's Bill did not create a lien against Debtor's personal injury claim because the State Court has not yet ruled on Creditor's motion for default judgment and Debtor's motion for leave to file her answer in the State Court Action. However, as discussed above, it is the filing and perhaps serving of the complaint that creates the lien, and not the entry of judgment on the complaint. *See In re Wiener*, 276 B.R. at 814 (stating that a lien formerly created will be lost if the judgment creditor does not sustain its burden of proof (i.e. that the debtor has insufficient property on which to levy) entitling it to judgment). In her memorandum filed after the hearing, Debtor has retreated from her original position and acknowledges that Creditor has a lien on her personal injury claim but argues that it is subject to Debtor's claimed exemptions. [*See* Doc. # 39, p. 7]. While that may be true, procedurally, that determination is made in this court by motion to avoid lien under 11 U.S.C. § 522(f).[2]

In light of the foregoing, the court concludes that Creditor acquired a lien against Debtor's interest in her personal injury claim pursuant to Ohio Revised Code § 2333.01. As such, Creditor's Motion to Amend will be granted in order to reflect its secured status.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Creditor's Motion to Amend Debtor's voluntary Petition Pursuant to Fed. R. Bankr. P. 1009(a) be, and hereby is, **GRANTED**; and

**IT IS FURTHER ORDERED** that Debtor must amend her Bankruptcy Schedules D and F to reflect properly Creditor's secured status. The amendment must be filed on or before **September 18, 2015**. The Clerk shall give notice of the amendment to American Insurance & Monetary, LLC and to the Chapter 7 Trustee.

###

---

[2] Debtor has, in fact, filed a motion to avoid lien, which she states was filed in an abundance of caution.

4